UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JESSICA CLARK, | Case No. 3:25-cv-109 |
| Plaintiff, | |
| vs. | District Judge Walter H. Rice |
| | Magistrate Judge Peter B. Silvain, Jr. |
| JUDGE JEANNINE N. PRATT, *et al.*, | |
| Defendants. | |

### ORDER and REPORT AND RECOMMENDATION[1]

This matter is before the Court upon *pro se* Plaintiff Jessica Clark's Motion for Leave to Proceed *in forma pauperis*. (Doc. #1). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**.

This matter is also before the Court *sua sponte* for an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action.

I.  **PLAINTIFF'S COMPLAINT**

Plaintiff brings this action under 42 U.S.C. § 1983 against three defendants, Judge Jeannine N. Pratt, Miami County Court of Common Pleas, and the Miami County Prosecutor's Office, for violations of her rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. (Doc. #1-2, *PageID* #s 9-10). According to Plaintiff, "This action arises from ongoing violations of

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff's constitutional rights in a criminal prosecution rooted in a school residency dispute—conduct that typically results in administrative remedies, not felony charges." *Id.* at 9.

Specifically, Plaintiff alleges that on March 23, 2025—the day before she was scheduled to appear in court—she attempted to file a motion to continue her hearing due to a personal emergency. *Id.* at 14. However, the motion was not accepted by the court's e-filing system until the morning of March 24, 2025. *Id.*; *see* Doc. #1-8, *PageID* #55. Plaintiff states that the court denied the motion ten minutes before the scheduled hearing and issued a capias warrant for Plaintiff's arrest less than thirty minutes later. (Doc. #1-2, *PageID* #14); *see* Doc. #1-9, *PageID* #57; Doc. #1-10, *PageID* #59; Doc. #1-11, *PageID* #61. Plaintiff alleges that the capias warrant "prevents Plaintiff from accessing the court to defend herself, creating a continuous and unlawful deprivation of liberty." (Doc. #1-2, *PageID* #10). Further, since the issuance of the capias, law enforcement has visited her home at least five times, intimidated her family members, and disrupted her home life. *Id.* at 12.

Additionally, Plaintiff alleges that after the capias was issued, she "was unable to safely" report to her probation officer in an unrelated case because the court refused to withdraw or stay the warrant. *Id.* at 13. Although Plaintiff emailed her probation officer once or twice a week, a second capias warrant was issued in response to her missed probation appointment. *Id.* According to Plaintiff, her "missed appointment was a direct consequence of the original capias warrant, which made court attendance unsafe and legally dangerous." *Id.*

Plaintiff asserts that the first "capias was issued under circumstances that failed to meet constitutional and procedural safeguards …[,]" in violation of her Fourteenth Amendment right to procedural due process. *Id.* at 15. In addition, according to Plaintiff, the court has "routinely adopted proposed orders submitted behind the scenes—with no notice to Plaintiff, no access to the

2

filings, and no opportunity to respond." *Id.* at 16. Further, the court has summarily denied her motions without legal explanation. *Id.* at 19-20. Plaintiff asserts the court's actions violated her due process rights. *Id.* at 17, 20. Additionally, Plaintiff claims that the court has denied her access to the court's electronic filing system. *Id.* at 17. According to Plaintiff, the court's denial violates her rights under the Due Process Clause and Equal Protection Clause and her right to access to the courts. *Id.* at 18. Plaintiff claims that although she has filed several appeals, the trial court has continued to set hearings, issue rulings, and maintain the capias warrants. *Id.* at 14, 20-21.

According to Plaintiff, she is charged with felonies "stemming from two administrative actions that are not typically treated as criminal offenses under Ohio law: submitting residency paperwork to a public school district and updating her address with the Bureau of Motor Vehicles." *Id.* at 22. Plaintiff asserts that this selective prosecution violates her equal protection rights. *Id.*

Plaintiff moves the Court for a temporary restraining order and preliminary injunction "to halt enforcement of unconstitutional state court orders, including an outstanding capias warrant …." *Id.* at 9.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint upon finding (1) the claims are frivolous or malicious; (2) it fails to state a claim upon which relief may be granted; or (3) it seeks monetary relief from a defendant who is immune from such relief. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In conducting this initial review, the Court accepts Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at

3

*1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. DISCUSSION

#### A. Judge Jeannine N. Pratt

Judge Jeannine N. Pratt is entitled to judicial immunity from Plaintiff's claims. Judges are largely immune from liability for acts they commit while functioning within their judicial capacity. *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991)). A plaintiff can overcome the application of judicial immunity only where: 1) the judge's acts were clearly non-judicial in nature and therefore outside the scope of the judge's judicial capacity; or 2) the judge's actions were taken in the absence of all jurisdiction. *Mireles*, 502 U.S. at 12. The factors that are relevant to whether an act is judicial in nature are: 1) "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge"; and 2) "whether [the parties] dealt with the judge in his judicial capacity." *Id.*

Here, Judge Pratt is entitled to absolute judicial immunity. The undersigned understands Plaintiff's Complaint as a direct challenge to the judicial decisions that Judge Pratt made in the state court case over which she presides. Plaintiff does not allege any facts to suggest that Judge Pratt acted outside her judicial capacity. Moreover, while Plaintiff alleges that she challenged "jurisdiction though appellate and emergency procedures[,]" she fails to allege sufficient facts

4

demonstrating that Judge Pratt acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607. Therefore, Judge Pratt is absolutely immune from civil liability and all claims against her should be dismissed.

### B.     Miami County Court of Common Pleas

Plaintiff's claims against the Miami County Court of Common Pleas should also be dismissed because common pleas courts are not *sui juris*, meaning they cannot sue or be sued. *See Cimerman v. Cook*, 561 F. App'x 447, 450 (6th Cir. 2014) (common pleas courts are not *sui juris*); *see also Haugh v. Tuscarawas Cnty. Ct. of Common Pleas,* No. 5:23 CV 84, 2023 WL 1070239, at *1 (N.D. Ohio Jan. 27, 2023); *Evans v. Cordray*, No. 2:09-CV-587, 2012 WL 1021698, at *3 (S.D. Ohio Mar. 26, 2012) ("[I]t is not proper to make a court a defendant. Courts are not persons within the meaning of 42 U.S.C. § 1983.") (citation omitted). Accordingly, Plaintiff's claims against the Miami County Court of Common Pleas are subject to dismissal under 28 U.S.C. § 1915(e)(2).

### C.     Miami County Prosecutor's Office

Similarly, Plaintiff's claims against the Miami County Prosecutor's Office should be dismissed, as the county office is not a "person" within the meaning of § 1983 or a legal entity capable of being sued. *See, e.g., Henry v. Allen*, No. 1:13-cv-701, 2013 WL 9839229, at *4 (S.D. Ohio Dec. 20, 2013) (Report & Recommendation) (finding that the Hamilton County Prosecutor's Office is not a legal entity capable of being sued), *adopted,* 2014 WL 5475275 (S.D. Ohio Oct. 29, 2014); *Schleiger v. Gratiot Cty. Prosecutor's Office,* No. 4:11-cv-13380, 2011 WL 7006407, at *2 (E.D. Mich. Nov. 30, 2011) (Report & Recommendation) (citing numerous cases holding that a county prosecutor's office is not an entity subject to suit under § 1983), *adopted,* 2012 WL 95757

5

(E.D. Mich. Jan. 12, 2012). The complaint should therefore be dismissed against the Miami County Prosecutor's Office.

### D. Conclusion

As set forth above, 28 U.S.C. 1915(e)(2) permits *sua sponte* screening and dismissal of a civil action "at any time if the court determines that" the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief" from an immune defendant. For the reasons set forth above, the undersigned **RECOMMENDS** that *sua sponte* dismissal of Plaintiff's Complaint is appropriate in this case

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2);

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

3. The case be terminated on the Court's docket.

April 17, 2025                                           s/*Peter B. Silvain, Jr.*
                                                         Peter B. Silvain, Jr.
                                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).