IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JESSICA CLARK, | : | |
| Plaintiff, | : | Case No. 3:25-cv-109 |
| v. | : | Judge Walter H. Rice |
| JUDGE JEANNINE N. PRATT, *et al.*, | : | Mag. Judge Peter B. Silvain, Jr. |
| Defendants. | | |

---

ORDER OVERRULING PLAINTIFF JESSICA CLARK'S MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. #1-29), AND OVERRULING AS MOOT REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #2), PLAINTIFF'S OBJECTIONS THERETO (DOC. #4), PLAINTIFF'S MOTION TO EXPEDITE RULING ON TRO MOTION (DOC. #10), AND PLAINTIFF'S SECOND SUPPLEMENTAL NOTICE OF ONGOING HARM IN SUPPORT OF TRO MOTION (DOC. #11); PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC. #6) IS DISMISSED WITHOUT PREJUDICE TO THE EXTENT SHE SEEKS A TEMPORARY RESTRAING ORDER OR PRELIMINARY INJUNCTION; THE REMAINDER OF THE FIRST AMENDED COMPLAINT IS REFERRED TO THE MAGISTRATE JUDGE FOR SCREENING UNDER 28 U.S.C. § 1915(e)(2) AND A REPORT AND RECOMMENDATIONS AS TO WHETHER *YOUNGER* DOCTRINE WEIGHS IN FAVOR OF THIS COURT ABSTAINING FROM EXERCISING ANY JURISDICTION; PLAINTIFF'S MOTION TO FILE EXHIBIT B TO THE FIRST AMENDED COMPLAINT MANUALLY (DOC. #7) IS SUSTAINED

---

Before the Court are the Motion for Temporary Restraining Order ("TRO Motion," Doc. #1-29), Motion to Expedited Ruling on TRO Motion ("Motion to Expedite," Doc. #10), and Second Supplemental Notice of Ongoing Harm in

Support of Motion for Temporary Restraining Order ("Second Supplemental Notice," Doc. #11) of Plaintiff Jessica Clark. Moreover, the Court reviews the Magistrate Judge's Report and Recommendations, wherein he recommends that Plaintiff's initial Complaint (Doc. #3) be dismissed because Defendants Judge Jeannine N. Pratt, the Miami County, Ohio, Court of Common Pleas, and the Miami County, Ohio, Prosecutor's Office are either immune from suit or not *sui juris*. (Report, Doc. #2, PAGEID 174-76). Also before the Court are Plaintiff's Objections to the Report (Doc. #4) and her Motion to File Exhibit B to the Amended Complaint Manually. ("Filing Motion," Doc .#7).

In her TRO Motion, Plaintiff accurately sets forth the four factors a Court must assess in determining whether to grant a TRO or preliminary injunction under Federal Rule of Civil Procedure 65: (1) the movant's likelihood of success on the merits; (2) threat of irreparable harm if preliminary relief is not granted; (3) whether the balance of the equities favors the injunction; and (4) the public interest being served by the injunction being granted. (Doc. #1-29, PAGEID 138, citing *Winter v. Natural Resources Def. Council*, 555 U.S. 7, 20 (2008)). "The likelihood of success on the merits is typically the most important factor of a preliminary injunction analysis, and a preliminary injunction issued where there is simply no likelihood of success on the merits *must be reversed*." *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 409 (6th Cir. 2024) (emphasis added) (internal quotation marks and citation omitted). Here, Plaintiff has *no chance* of succeeding on the merits with respect to the initial Complaint, from which the

2

TRO Motion derives. (Doc .#1-29, PAGEID 137). While, as discussed below, Plaintiff's First Amended Complaint (Doc. #6) moots the Report, the Magistrate Judge is correct that: (a) because the complained-of actions were judicial acts undertaken by Judge Pratt in her valid exercise of jurisdiction, she is immune from suit; and (b) neither a common pleas court nor a prosecutor's office is a "person" for purposes of 42 U.S.C. § 1983, and thus, they may not be sued in this Court. (Doc. #2, PAGEID 174-76, citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019); *Cimerman v. Cook*, 561 F. App'x 447, 450 (6th Cir. 2014); *Henry v. Allen*, No. 1:13-cv-701, 2013 WL 9839229, *4 (S.D. Ohio Dec. 20, 2013) (Bowman, M.J.), *report and recommendation adopted at* 2014 WL 5475275 (S.D. Ohio Oct. 29, 2014) (Spiegel, J.)). In sum, this Court cannot grant Plaintiff the relief she seeks, since she seeks relief from parties that are either immune from suit (Judge Pratt) or incapable of being sued in this Court (Common Pleas Court and Prosecutor's Office). The TRO Motion (Doc. #1-29) must be overruled for that reason alone.

While the Report and Objections were pending, Plaintiff filed her First Amended Complaint (Doc. #6), which she was permitted to do without leave of this Court, since none of the Defendants had been served with the initial Complaint. FED.R.CIV.P. 15(a)(1)(A). As "an amended complaint supercedes [*sic*] all prior complaints" *Drake v. City of Detroit, Mich.*, 266 F. App'x 444, 448 (6th Cir. 2008), the subject of the Report and Objections—the initial Complaint—is a nullity and no longer at issue. Accordingly, the Report (Doc. #2) and Objections (Doc. #4)

3

are OVERRULED AS MOOT. However, the Court REFERS the captioned case to the Magistrate Judge for the purpose of conducting the required screening of the First Amended Complaint, 28 U.S.C. § 1915(e)(2), and issue a Report and Recommendations as to whether the First Amended Complaint may proceed. Given that the First Amended Complaint, like the initial Complaint, reads as an attempt by Plaintiff to collaterally attack a state court proceeding. The undersigned requests that the Magistrate Judge recommend, given principles of comity and the doctrine set forth by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), whether this Court should abstain from exercising any jurisdiction it might have.

Although not captioned as such, Plaintiff, in her First Amended Complaint, renews her request for a TRO or PI. (Doc. #6, PAGEID 312). However, unlike the initial Complaint, the First Amended Complaint is not verified; nor did Plaintiff attach an affidavit or declaration attesting to the veracity of the allegations in that First Amended Complaint.[1] Absent verification, the Court cannot grant a TRO, FED.R.CIV.P. 65(b)(1)(A), and the Court has no factual basis upon which it could grant a PI. *See, e.g., Medeco Security Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th

---

[1] Fourteen days after Plaintiff filed the First Amended Complaint, Plaintiff attached to the Motion to Expedite a Declaration in Support of Emergency TRO. (Decl., Doc. #10-2). However, the Declaration merely lists the litany of wrongdoings that Defendants have allegedly committed against Plaintiff (*id.* at PAGEID 468-69); Plaintiff does not "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" FED.R.CIV.P. 65(b)(1)(A). Accordingly, a TRO also is inappropriate with respect to the First Amended Complaint. Having ruled on the TRO requests in connection with both the initial and First Amended Complaint, Plaintiff's Motion to Expedite (Doc. #10) is OVERRULED AS MOOT.

4

Cir. 1981) (*per curiam*) (district court abused its discretion in granting PI "without the holding of any hearing whatsoever and in the absence of any affidavits or even a verified complaint.").[2] Accordingly, to the extent that Plaintiff seeks injunctive relief through the First Amended Complaint, that prayer for relief and the supporting allegations are DISMISSED WITHOUT PREJUDICE to refiling. However, Plaintiff's Filing Motion (Doc. #7) is procedurally proper and substantively well-taken; accordingly, that Motion is SUSTAINED, and Plaintiff may file Exhibit B manually with the Office of the Clerk of Courts.

For the reasons set forth above, Plaintiff's TRO Motion (Doc. #1-29) is OVERRULED. The Magistrate Judge's Report (Doc. #2), Plaintiff's Objections thereto (Doc. #4), Plaintiff's Motion to Expedite (Doc. #10), and Plaintiff's Second Supplemental Notice (Doc. #11) are OVERRULED AS MOOT. Plaintiff's First Amended Complaint (Doc. #6) is DISMISSED WITHOUT PREJUDICE to the extent that she seeks a TRO or PI, and the remainder of that complaint is REFERRED to the Magistrate Judge for screening pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Motion for Manual Filing (Doc. #7) is SUSTAINED.

---

[2] Plaintiff's Second Supplemental Notice (Doc. #11) is also unverified, and cannot be the independent basis for a TRO. To the extent that the Second Supplemental Notice attempts to relate back to the TRO requests in the Initial or First Supplemental Complaint, it is OVERRULED AS MOOT for the same reasons discussed *supra* with respect to the Motion to Expedite.

IT IS SO ORDERED.

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

June 2, 2025