IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JESSICA CLARK, | : | |
| Plaintiff, | | Case No. 3:25-cv-109 |
| v. | : | Judge Walter H. Rice |
| JUDGE JEANNINE N. PRATT, *et al.*, | : | Mag. Judge Peter B. Silvain, Jr. |
| Defendants. | | |

---

ORDER OVERRULING AS MOOT PLAINTIFF JESSICA CLARK'S MOTION TO CORRECT THE RECORD AND NOTIFY THE COURT OF CORRECTED FILINGS IN PROGRESS (DOC. #13), OVERRULING PLAINTIFF'S AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DOC. #14), OVERRULING AS MOOT PLAINTIFF'S MOTION FOR EXPEDITED RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DOC. #15), AND OVERRULING WITHOUT PREJUDICE TO REFILING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DOC. #16); PLAINTIFF MUST FILE ANY AMENDED COMPLAINT WITHIN FOURTEEN (14) DAYS OF ENTRY; FAILURE TO DO SO WILL RESULT IN THE COURT ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE (DOC. #2), OVERRULING PLAINTIFF'S OBJECTIONS TO THE REPORT (DOC. #4), AND DISMISSING PLAINTIFF'S COMPLAINT (DOC. #3) WITH PREJUDICE

---

Before the Court are the Motion to Correct the Record and Notify the Court of Corrected Filings in Progress ("Motion to Correct," Doc. #13), Amended Motion for Temporary Restraining Order and Preliminary Injunction ("Amended TRO Motion," Doc. #14), Motion for Expedited Ruling on Amended TRO Motion

("Motion to Expedite," Doc. #15), and Motion to Appoint Counsel (Doc. #16), all filed by Plaintiff Jessica Clark. For the reasons set forth below, the Motion to Correct is SUSTAINED, the Amended TRO Motion is OVERRULED, the Motion to Expedite is OVERRULED AS MOOT, and the Motion to Appoint Counsel is OVERRULED WITHOUT PREJUDICE to renewal.

On June 12, 2025, Plaintiff filed the Motion to Correct, stating that the document that she filed on May 1, 2025, and was docketed by the Clerk of Courts Office as Plaintiff's First Amended Complaint (Doc. #6), "is not her amended complaint at all. Instead, Document 6 contains the body of her Amended Motion for Temporary Restraining Order, but it is mistakenly preceded by a single cover page identifying it as an amended complaint." (Doc. #13, PAGEID 479). She prays that the Court disregard her May 1, 2025, filing, and permit her to file both an Amended TRO Motion and First Amended Complaint forthwith. (*Id.* at PAGEID 480). On June 20, 2025, Plaintiff filed the Amended TRO Motion (Doc. #14), thus enabling the Court to evaluate Plaintiff's filing and desired relief properly. Accordingly, the Motion to Correct is SUSTAINED to the extent it seeks to render Document 6 a nullity and to file the Amended TRO Motion.

However, the Court, in its June 2, 2025, Order, noted that the Magistrate Judge, in his Report and Recommendations, had evaluated Plaintiff's initial Complaint, and recommended that it be dismissed because Plaintiff "seeks relief from parties that are either immune from suit (Judge Pratt) or incapable of being sued in this Court (Common Pleas Court and Prosecutor's Office)." (Order, Doc.

2

#12, PAGEID 475, citing Report, Doc. #2, PAGEID 174-76). Plaintiff had also filed Objections to the Report. (Doc. #4). The Court understood Document 6 to be Plaintiff's First Amended Complaint, which superseded the Initial Complaint (Doc. #3) and thus mooted the Report and Objections. (Doc. #12, PAGEID 475-76). However, because Document 6 is not an operative filing, the Report and Objections are once again properly before the Court, and if Plaintiff does not file a proper First Amended Complaint, then the Court will rule on the Report and Objections. Accordingly, the Motion to Correct is SUSTAINED in that Plaintiff may file a First Amended Complaint within fourteen (14) days of entry of this Order. Failure to do so will result in the Court ruling promptly on the Report and Objections and dismissing the initial Complaint with prejudice.

As to the Amended TRO Motion, the Court noted previously that the "likelihood of success on the merits is typically the most important factor of a preliminary injunction analysis, and a preliminary injunction issued where there is simply no likelihood of success on the merits *must be reversed.*" (Doc. #12, PAGEID 474 (emphasis in original), quoting *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 409 (6th Cir. 2024) (internal quotation marks and citation omitted)). The Court concluded that Plaintiff had *no chance* of succeeding on the merits as to the initial Complaint, as Defendant Judge Jeanine Pratt is entitled to absolute immunity, "because the complained-of actions were judicial acts undertaken by Judge Pratt in her valid exercise of jurisdiction," and "neither a common pleas court nor a prosecutor's office is a 'person' for purposes of 42 U.S.C. § 1983, and

3

thus," Defendants Miami County, Ohio, Court of Common Pleas and Miami County, Ohio, Prosecutor's Office "may not be sued in this Court." (*Id.* at PAGEID 474-75, citing Doc. #2, PAGEID 174-76). Because the initial Complaint is again operative, and Plaintiff's claims against all Defendants in this Court, are foreclosed as matters of law, there is no likelihood—much less a substantial one—that Plaintiff will ultimately succeed on the merits. The Amended TRO Motion (Doc. #14) is OVERRULED for that reason alone.[1]

While, as discussed above, Plaintiff may file a First Amended Complaint within fourteen (14) days of this Order, and may file a renewed TRO Motion in conjunction with that amended complaint, the Court is not satisfied that it should exercise jurisdiction even if Plaintiff asserts facially colorable claims in a new pleading. Under the doctrine of abstention articulated in *Younger v. Harris*, "a federal court *must* decline to interfere with pending state civil or criminal proceedings when important state interests are involved." *O'Neil v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2006) (emphasis added), citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Younger*, 401 U.S. 37, 41 (1971); *accord: Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017), citing *Younger*, 401 U.S. at 44 (federal courts should refrain from exercising jurisdiction over a federal civil case to avoid "interfering with the functions of state criminal

---

[1] Having ruled on the Amended TRO Motion, the Motion to Expedite (Doc. #15) is OVERRULED AS MOOT. Also, although Plaintiff may renew her prayer for injunctive relief after filing an Amended Complaint, if she fails to remedy the Complaint's fatal flaws that (a) Defendant Judge Pratt is absolutely immune from suit, and (b) the remaining Defendants are not entities capable of being sued, then any subsequent TRO Motion would be summarily overruled.

4

prosecutions and to preserve equity and comity."). "[A]bstention may occur when three criteria are met: (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Doe*, 860 F.3d at 369, citing *Middlesex*, 457 U.S. at 432-35.

Based on the record before the Court, this case appears to satisfy all the criteria for *Younger* abstention. There is an ongoing criminal prosecution against Plaintiff (*see, e.g.*, Order Denying Mtn. to Dismiss Charges, Doc. #14-4, PAGEID 561-62), which necessarily implicates important state interests, and it is a long-established principle that federal and state courts "have concurrent jurisdiction over § 1983 civil actions[.]" *Long v. Dist. of Columbia*, 469 F.2d 927, 937 n.4 (D.C. Cir. 1972), citing *Houston v. Moore*, 18 U.S. (5 Wheat.) 1, 25-27 (1820). Thus, contrary to Plaintiff's argument (Doc. #14, PAGEID 520, citing *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995)), Plaintiff is not being deprived of the opportunity to raise her claims *at all* in state court. Rather, she is, at most, being deprived of the opportunity to raise her constitutional claims *when she wants to*. However, principles of comity underlying *Younger* abstention militate against a federal court dictating to a state trial court the order in which it must address criminal versus civil claims. *See Alexander v. Rosen*, 804 F.3d 1203, 1207 (6th Cir. 2015) (collecting cases; citation omitted) (Abstention is appropriate when a federal plaintiff asks the district court

5

to "regulate 'the day-to-day conduct of state hearings,' assess the constitutionality of procedures used in those hearings, or opine on the merits[.]").

The cases cited by Plaintiff (Doc. #14, PAGEID 520-21, citing *Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975); *Mitchum v. Foster*, 407 U.S. 225 (1972); *Dombrowski v. Pfister*, 380 U.S. 479 (1965)) in support of her argument that *Younger* abstention does not apply, are unavailing. In *Dombrowski*, "an injunction against enforcement of certain state criminal statutes properly issued because the prosecutor made repeated threats against the federal plaintiffs to enforce the statutes without any expectation of securing a valid conviction." *Fieger*, 74 F.3d at 750, citing *Younger*, 401 U.S. at 48, in turn citing *Dombrowski*, 380 U.S. 479. Here, the trial court considered and overruled Plaintiff's multiple motions to dismiss the indictment against her for facial insufficiency (Decision, Doc. #14-5, PAGEID 568-69), and overruled Plaintiff's motion to dismiss the indictment based on alleged prosecutorial misconduct. (Decision, Doc. #14-4, PAGEID 561-62). The state court thus concluded that prosecution of Plaintiff was neither subjectively malicious nor objectively unlikely to result in conviction; this Court sees no reason to disturb those decisions.

Moreover, the *Gerstein* Court held that *Younger* did not apply because the injunction sought "was not directed at the state prosecutions as such, but only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution." 420 U.S. at 108 n.9. Here, the injunctive relief sought by Plaintiff—that this Court enjoin "law enforcement

6

officers, police departments, and any agents acting on [Defendants'] behalf . . . from enforcing the *capias* warrants issued against Plaintiff[,]" (Doc. #14, PAGEID 523, ¶ 1)—is directed squarely at the ongoing prosecution of Plaintiff. Finally, *Mitchum* stood only for the proposition that the Anti-Injunction Act does not absolutely bar a district court from exercising jurisdiction over a 42 U.S.C. § 1983 claim "where irreparable injury is both great and immediate, where the state law is flagrantly and patently violative of express constitutional prohibitions, or where there are . . . unusual circumstances that would call for equitable relief." 407 U.S. at 230, 243 (citation modified), quoting *Younger*, 401 U.S at 46, 53, 54; citing 28 U.S.C. § 2283. The decision did not "question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." *Id.* at 243, citing *Younger*, 401 U.S. 37. None of the circumstances cited in *Mitchum* and *Younger* is present here, and thus, the Court has no reason to depart from "the fundamental policy against federal interference with state criminal prosecutions." *Younger*, 401 U.S. at 46.

In sum, even if, in her First Amended Complaint, Plaintiff could resolve the issues of judicial immunity and suing the proper Defendants, she would also have to overcome the Court's strong presumption against exercising jurisdiction over her claims. Failure to do so may result in the entire case being dismissed pursuant to *Younger*.

Finally, as to the Motion to Appoint, a 42 U.S.C. § 1983 plaintiff, no matter how indigent, does not have the right to counsel in this Court. *See, e.g., Lavado v.*

7

*Keohane*, 992 F.2d 601, 606 (6th Cir. 1993), quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances."). Further, the United States Court of Appeals for the Sixth Circuit has held that "[a]ppointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim." *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (citations omitted). As discussed above, it is impossible for Plaintiff to succeed on the merits with the claims as pleaded. Accordingly, the ECF Motions and Motion to Appoint are OVERRULED without prejudice to refiling if Plaintiff's First Amended Complaint survives the required screening under 28 U.S.C. § 1915 and any motions to dismiss by Defendants.

For the reasons set forth above, Plaintiff's Motion to Correct (Doc. #13) is SUSTAINED, Amended TRO Motion (Doc. #14) is OVERRULED, Motion to Expedite (Doc. #15) is OVERRULED AS MOOT, and Motion to Appoint (Doc. #16) is OVERRULED WITHOUT PREJUDICE to renewal if Plaintiff sets forth colorable and actionable claims in an amended pleading. Plaintiff must file any First Amended Complaint within fourteen (14) days of entry. Failure to do so will result in the Court adopting the Report and Recommendations (Doc. #2), overruling the Objections thereto (Doc. #4), and dismissing Plaintiff's initial Complaint (Doc. #3) with prejudice.

IT IS SO ORDERED.

July 30, 2025

*[signature: Walter H. Rice]*

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT