IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JESSICA CLARK,                          :

    Plaintiff,

                                        Case No. 3:25-cv-109
    v.                                  :

                                        Judge Walter H. Rice
JUDGE JEANNINE N.
PRATT, *et al.*,                        Mag. Judge Peter  B. Silvain, Jr.

                                        :

    Defendants.

---

DECISION AND ENTRY ADOPTING THE REPORT AND
RECOMMENDATIONS OF THE MAGISTRATE JUDGE (DOC. #2),
OVERRULING OBJECTIONS OF PLAINTIFF JESSICA CLARK TO THE
REPORT (DOC. #4), DISMISSING PLAINTIFF'S COMPLAINT (DOC. #3)
WITH PREJUDICE, AND OVERRULING AS MOOT PLAINTIFF'S
MOTIONS TO OBTAIN ELECTRONIC CASE FILING RIGHTS (DOC. #8)
AND TO RECEIVE SERVICE BY ELECTRONIC MAIL (DOC. #9);
JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANTS AND
AGAINST PLAINTIFF; CERTIFICATION TO THE UNITED STATES
COURT OF APPEALS FOR THE SIXTH CIRCUIT THAT ANY APPEAL
WOULD BE OBJECTIVELY FRIVOLOUS AND THAT PLAINTIFF
SHOULD NOT BE GRANTED LEAVE TO PROCEED ON APPEAL *IN
FORMA PAUPERIS*; TERMINATION ENTRY

---

This matter is before the Court pursuant to its *sua sponte* review of the

docket.  On July 31, 2025, the Court ordered that *pro se* Plaintiff Jessica Clark file

any amended complaint within fourteen days of entry, and expressly warned

Plaintiff that "[f]ailure to do so will result in the Court adopting the Report and

Recommendations (Doc. #2), overruling [Plaintiff's] Objections thereto (Doc. #4),

and dismissing Plaintiff's initial Complaint (Doc. #3) with prejudice."  (Order, Doc.

#17, PAGEID 683). As Plaintiff receives service of this Court's orders by mail, her amended complaint was due on August 18, 2025. FED.R.CIV.P. 5(b)(2)(C), 6(d). Plaintiff did not file an amended complaint or any other document with the Court since the July 31, 2025, Order. Accordingly, the matter is ripe for decision.

In the Report and Recommendations, the Magistrate Judge concluded that all of Plaintiff's claims against Defendant Judge Jeannine N. Pratt arose out of decisions Judge Pratt made adverse to Plaintiff in the Miami County, Ohio, Court of Common Pleas ("Common Pleas Court"), in a case within her jurisdiction as a Common Pleas Court Judge. Thus, "Judge Pratt is entitled to absolute judicial immunity." (Doc. #2, PAGEID 174, citing *Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991) (*per curiam*); *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019)). Further, the Magistrate Judge concluded Plaintiff's claims against Defendants Common Pleas Court and Miami County, Ohio Prosecutor's Office ("Prosecutor's Office") were subject to dismissal because neither is a person subject to suit under 42 U.S.C. § 1983. (*Id.* at PAGEID 175-76, citing *Cimerman v. Cook*, 561 F. App'x 447, 450 (6th Cir. 2014); *Henry v. Allen*, No. 1:13-cv-701, 2013 WL 9839229, *4 (S.D. Ohio Dec. 20, 2013) (Bowman, Mag. J.), *report and recommendation adopted at* 2014 WL 5475275 (S.D. Ohio Oct. 29, 2014) (Spiegel, J.)). Consequently, the Magistrate Judge recommended that the Court dismiss the Complaint as frivolous. (*Id.*, citing 28 U.S.C. § 1915(e)(2)).

In her Objections, Plaintiff argues that her claims against Defendants, liberally construed, are factually supported and raised "specific constitutional

2

harms[.]" (Doc. #4, PAGEID 307-08, citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*)). However, Plaintiff failed to address the Magistrate Judge's conclusions that her claims against Defendants were barred as matters of law, irrespective of the factual bases, meaning that any such argument is waived. *Deters v. Hammer*, 568 F. Supp. 3d 883, 887 (S.D. Ohio 2021) (Cole, J.), citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] litigant must identify each issue in the [Report] to which he or she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived."). Moreover, the Court warned Plaintiff on multiple occasions that the Magistrate Judge correctly set forth and applied the law with respect to judicial immunity and parties subject to suit under 42 U.S.C. § 1983, and that Plaintiff's claims were foreclosed as pleaded in the initial Complaint. (Order, Doc. #12, PAGEID 474-75; Doc. #17, PAGEID 678-79). Despite ample opportunity to amend, Plaintiff did not do so. Thus, the initial Complaint remains operative, and is properly dismissed as frivolous. 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.").

For the foregoing reasons, the Report and Recommendations (Doc. #2) is ADOPTED and Plaintiff's Objections thereto (Doc. #4) are OVERRULED. Plaintiff's Complaint (Doc. #3) is DISMISSED WITH PREJUDICE. Judgment shall enter in favor of Defendants and against Plaintiff. With judgment being entered, Plaintiff's Motions to Obtain Electronic Case Filing Rights (Doc. #8) and to Receive Service

3

via Email (Doc. #9) are OVERRULED AS MOOT. This Court further certifies to the United States Court of Appeals for the Sixth Circuit that: (1) any appeal from this judgment would be objectively frivolous, as Defendants are either absolutely immune from suit or not subject to suit under 42 U.S.C. § 1983, and (2) Plaintiff should not be granted leave to appeal *in forma pauperis*. *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203, 224 (2007).

The captioned case is hereby ordered terminated upon the dockets records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

WALTER H. RICE, JUDGE
September 2, 2025                    UNITED STATES DISTRICT COURT

4